Dear Chief Raymond:
You have requested an opinion of this office addressing the law pertinent to hours worked by firefighters in Morgan City. Specifically your question addresses, first, whether the work cycles of Morgan City firefighters may be arranged in work cycles of 19 or 27 days. The work schedule in question would entail one week of more than sixty hours scheduled and the following week with less than sixty hours scheduled; the two consecutive work weeks would be averaged out to result in two work weeks each with less than sixty hours. Second, if this averaging out is not permissible, can the same firefighters waive their rights to overtime which would result from averaging their weekly hours.
The statute relevant to your first question is LSA R.S. 33:1994. This statute sets out the maximum hour requirements for fire fighters in cities having a population of thirteen thousand or more. R.S. 33:1994(A) provides:
 The maximum hours of work required of firemen covered by this Sub-part in cities having a population of thirteen thousand or more . . . in any calendar week shall be sixty hours. However, in case of emergencies, they may be required to work in excess of the maximum hours. For each hour so worked in excess of sixty hours in any calendar week a fireman shall be paid at the rate of one and one-half times his usual salary, to be determined by reducing his salary to an hourly scale. (emphasis added)
Any work schedule which is adopted for the firefighters of Morgan City must comply with this statute, thus, hours worked may not be "averaged out" to defeat the statutory requirement of payment for overtime.
In addition, LSA R.S. 33:2471 et seq. establishes a system of fire and police civil service for all municipalities which operate a regularly paid police and fire department. Thus, any rules created by the Fire and Police Civil Service Board must also be followed in fashioning work schedules.
The remainder of your request concerns the waiving of rights by the Morgan City firefighters to any overtime payments that they may be entitled to receive. This office has addressed this question in terms of fire alarm operators in a previous opinion. Attorney General Opinion 78-586 (1978). Citing the maximum hours provisions of R.S. 33:1994, this office stated,
 Conceding that in some circumstances averaging-out practices might have some merit, the legislature has provided no exceptions nor a right of the operators to waive the limitation on the hours of work permitted.
This likewise applies to firemen covered under R.S. 33:1994(A) prohibiting any waiver of statutory rights to overtime payment.
It is therefore the opinion of this office that the Morgan City Fire Department must set the work schedules for its firefighters in a manner which complies with the maximum hours requirements of R.S. 33:1994(A), and that any overtime which may occur cannot be waived by the firefighters in accordance with the same law.
Trusting this to be of sufficient information, I am
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: JAMES M. ROSS Assistant Attorney General
JMR:rjh 0472l